IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. JAMES VAUGHN NORBURY, Defendant. | CR 05-22-BU-BMM-JTJ FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant James Vaughn Norbury (Norbury) has been accused of violating the conditions of his supervised release. (Docs. 78 and 89). Norbury admitted the alleged violations. Norbury's supervised release should be revoked. Norbury should be placed in custody for 3 months, with 33 months of supervised release to follow.

## II. Status

On February 8, 2006, following a jury trial, Norbury was found guilty of two counts of Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C §§ 841 and 846; Attempted Possession of Methamphetamine with the Intent to

1

Distribute, in violation of 21 U.S.C § 846; and Distribution of Methamphetamine, in violation of 18 U.S.C § 841(a)(1). (Doc. 24). The Court sentenced Norbury to 240 months of custody on each count, followed by 10 years of supervised release on each count, with both the custodial and supervised release terms to run concurrently. (Doc. 39). Norbury's current term of supervised release began on January 14, 2022.

### Petition

On April 8, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Norbury's supervised release. (Doc. 78). The Petition alleged that Norbury had violated the conditions of his supervised release by: (1) using methamphetamine on and off between August of 2024 and January 2025; ( 2) having a sweat patch applied to his body on January 29, 2025, and testing positive for methamphetamine on February 28, 2025; (3) having a sweat patch applied to his body on February 24, 2025, and testing positive for methamphetamine on March 15, 2025; (4) having a sweat patch applied to his body on March 3, 2025, and testing positive for methamphetamine on March 22, 2025; and (5) having a sweat patch applied to his body on March 10, 2025, and testing positive for methamphetamine on March 28, 2025.

**Initial appearance**

Norbury appeared before the United States Magistrate Kathleen DeSoto for his initial appearance April 30, 2025.  Norbury was represented by counsel. Norbury stated that he had read the Petition and that he understood the allegations against him.  Norbury waived his right to a preliminary hearing. Judge DeSoto set a revocation hearing before the undersigned for May 13, 2025.

**Amended Petition**

On May 12, 2025, the United States Probation Office filed an Amended Petition requesting that the Court revoke Norbury's supervised release. (Doc. 89). The Amended Petition alleged that Norbury had violated the conditions of his supervised release by the added violations of: (6) having a sweat patch applied to his body on on February 3, 2025, and testing positive for methamphetamine on April 26, 2025; (7) having a sweat patch applied to his body on March 18, 2025, and testing positive for methamphetamine on April 5, 2025; (8) having a sweat patch applied to his body on March 24, 2025, and testing positive for methamphetamine on April 9, 2025; (9) having a sweat patch applied to his body on March 31, 2025, and testing positive for methamphetamine on May 6, 2025; (10) having a sweat patch removed applied to his body on April 21, 2025, and testing positive for methamphetamine on May 9, 2025; (11) having a sweat patch

applied to his body on April 28, 2025, and testing positive for methamphetamine on May 11, 2025; and (12) admitting on April 29, 2025 to using methamphetamine and marijuana on and off for the last several months.

**Revocation hearing**

The Court conducted a revocation hearing on May 13, 2025. Norbury admitted that he had violated the conditions of his supervised release by: (1) admitting to using methamphetamine on and off between August of 2024 and January 2025; ( 2) having a sweat patch applied to his body on January 29, 2025, and using methamphetamine thereafter; (3) having a sweat patch applied to his body on February 24, 2025, and using methamphetamine thereafter; (4) having a sweat patch applied to his body on March 3, 2025, and using methamphetamine thereafter; (5) having a sweat patch applied to his body on March 10, 2025, and using methamphetamine thereafter; (6) having a sweat patch applied to his body on February 3, 2025, and using methamphetamine thereafter; (7) having a sweat patch applied to his body on March 18, 2025, and using methamphetamine thereafter; (8) having a sweat patch applied to his body on March 24, 2025, using methamphetamine thereafter; (9) having a sweat patch applied to his body on March 31, 2025, and using methamphetamine thereafter (10) having a sweat patch removed applied to his body on April 21, 2025, and using methamphetamine

4

thereafter; (11) having a sweat patch applied to his body on April 28, 2025, and using methamphetamine thereafter; and (12) using methamphetamine and marijuana on and off for the last several months leading up to April 29, 2025. Norbury's admitted violations are serious and warrant revocation of his supervised release.

### Sentencing Hearing

Norbury appeared before the Court on May 13, 2025. Norbury's violations are Grade C. Norbury's criminal history category is I. Norbury's underlying offenses, Counts 1-4, are Class A felonies. Norbury could be incarcerated for up to 60 months. Norbury could be ordered to remain on supervised release for up to 120 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.  Analysis

Norbury's supervised release should be revoked. Norbury should be incarcerated for 3months, with 33 months of supervised release to follow. This sentence is sufficient but not greater than necessary.

## IV.  Conclusion

The Court informed Norbury that the above sentence would be recommended to Chief United States District Judge Brian Morris.  The Court also informed Norbury of his right to object to these Findings and Recommendations within 14 days of their issuance.  The Court explained to Norbury that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.  Norbury waived his right to appeal and allocute before Judge Morris.

The Court **FINDS**:

> That JAMES VAUGHN NORBURY has violated the conditions of his supervised release by : (1) using methamphetamine on and off between August of 2024 and January 2025; ( 2) having a sweat patch applied to his body on January 29, 2025, and using methamphetamine thereafter; (3) having a sweat patch applied to his body on February 24, 2025, and using methamphetamine thereafter; (4) having a sweat patch applied to his body on March 3, 2025, and using methamphetamine thereafter; (5) having a sweat patch applied to his body on March 10, 2025, and using methamphetamine thereafter; (6) having a sweat patch applied to his body on February 3, 2025, and using methamphetamine thereafter; (7) having a sweat patch applied to his body on March 18, 2025, and using methamphetamine thereafter; (8) having a sweat patch applied to his body on March 24, 2025, using methamphetamine thereafter; (9) having a sweat patch applied to his body on March 31, 2025, and using methamphetamine thereafter (10) having a sweat patch removed applied to his body on April 21, 2025, and using methamphetamine thereafter; (11) having a sweat patch applied to his body on April 28, 2025, and using methamphetamine thereafter; and (12) using methamphetamine and

marijuana on and off for the last several months leading up to April 29, 2025.

The Court **RECOMMENDS**:

That the District Court revoke Norbury's supervised release and commit Norbury to the custody of the United States Bureau of Prisons for 3 months, with 33 months of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. Section 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 13th day of May 2025.

_____
John Johnston
United States Magistrate Judge