IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br><br> JAMES VAUGH NORBURY, <br><br> Defendant. | CR-05-22-BU-BMM <br><br><br> **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on May 13, 2025. (Doc. 92.)

When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Bad Old Man v. Arn*, 474 U.S. 140, 153-52 (1986). This Court will review Judge Johnston's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Judge Johnston conducted a revocation hearing on May 13, 2025 (Doc. 90.) The United States accused James Norbury (Norbury) of violating the conditions of his supervised release by: (1) using methamphetamine on and off between August of 2024 and January 2025; (2) having a sweat patch applied to his body on January 29, 2025, and testing positive for methamphetamine on February 28, 2025;

(3) having a sweat patch applied to his body on February 24, 2025, and testing positive for methamphetamine on March 15, 2025; (4) having a sweat patch applied to his body on March 3, 2025, and testing positive for methamphetamine on March 22, 2025; and (5) having a sweat patch applied to his body on March 10, 2025, and testing positive for methamphetamine on March 28, 2025;(6) having a sweat patch applied to his body on February 3, 2025, and testing positive for methamphetamine on April 26, 2025; (7) having a sweat patch applied to his body on March 18, 2025, and testing positive for methamphetamine on April 5, 2025; (8) having a sweat patch applied to his body on March 24, 2025, and testing positive for methamphetamine on April 9, 2025; (9) having a sweat patch applied to his body on March 31, 2025, and testing positive for methamphetamine on May 6, 2025; (10) having a sweat patch removed applied to his body on April 21, 2025, and testing positive for methamphetamine on May 9, 2025; (11) having a sweat patch applied to his body on April 28, 2025, and testing positive for methamphetamine on May 11, 2025; and (12) admitting on April 29, 2025 to using methamphetamine and marijuana on and off for the last several months. (Docs. 78 and 89.)

At the revocation hearing, Norbury admitted he had violated the conditions of his supervised  by: (1) admitting to using methamphetamine on and off between August of 2024 and January 2025; ( 2) having a sweat patch applied to his body

on January 29, 2025, and using methamphetamine thereafter; (3) having a sweat patch applied to his body on February 24, 2025, and using methamphetamine thereafter; (4) having a sweat patch applied to his body on March 3, 2025, and using methamphetamine thereafter; (5) having a sweat patch applied to his body on March 10, 2025, and using methamphetamine thereafter; (6) having a sweat patch applied to his body on February 3, 2025, and using methamphetamine thereafter; (7) having a sweat patch applied to his body on March 18, 2025, and using methamphetamine thereafter; (8) having a sweat patch applied to his body on March 24, 2025, using methamphetamine thereafter; (9) having a sweat patch applied to his body on March 31, 2025, and using methamphetamine thereafter (10) having a sweat patch removed applied to his body on April 21, 2025, and using methamphetamine thereafter; (11) having a sweat patch applied to his body on April 28, 2025, and using methamphetamine thereafter; and (12) using methamphetamine and marijuana on and off for the last several months leading up to April 29, 2025. Norbury's admitted violations are serious and warrant revocation of his supervised release. (Doc. 90.)

Judge Johnston found that the violations Norbury admitted proves serious and warrants revocation of Norbury's supervised release and recommends a term of custody of 3 months with 33 months of supervised release to follow. (Doc. 92.)

The Court advised Norbury of his right to appeal and to allocute before the undersigned and he waived those rights. (Doc. 90.)

The violation proves serious and warrants revocation of Mittens's supervised release. The Court finds no clear error in Judge Johnston's Findings and Recommendations.

Accordingly, **IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 92) are **ADOPTED IN FULL.  IT IS FURTHER ORDERED** that James Vaughn Norbury be sentenced to a term of custody of 3 months with 33 months of supervised release to follow.

DATED this 20th day of May 2025.

_____
Brian Morris, Chief District Judge
United States District Courts