IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES VAUGHN NORBURY,<br><br>Defendant. | CR 05-22-BU-BMM-JTJ<br><br>FINDINGS AND<br>RECOMMENDATIONS |

## I.  Synopsis

Defendant James Vaughn Norbury (Norbury) has been accused of violating the conditions of his supervised release. (Doc. 98). Norbury admitted the alleged violations.  Norbury's supervised release should be revoked.  Norbury should be placed in custody for 9 months, with no term of supervised release to follow.

## II.  Status

On February 8, 2006, following a jury trial, Norbury was found guilty of two counts of Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C §§ 841 and 846; Attempted Possession of Methamphetamine with the Intent to Distribute, in violation of 21 U.S.C § 846; and Distribution of Methamphetamine,

1

in violation of 18 U.S.C § 841(a)(1). (Doc. 24).  The Court sentenced Norbury to 240 months of custody on each count, followed by 10 years of supervised release on each count, with both the custodial and supervised release terms to run concurrently. (Doc. 39).  Norbury's current term of supervised release began on July 28, 2025.

**Petition**

On  November 29, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Norbury's supervised release. (Doc. 98). The Petition alleged that Norbury had violated the conditions of his supervised release by: (1) testing positive for methamphetamine on August 8, 2025, and admitting to daily use between August 2, 2025, and August 5, 2025; (2) testing positive for methamphetamine and marijuana on September 25, 2025, and signing an admission form on September 29, 2025, admitting to daily use between September 24, 2025, and September 27, 2025; (3) testing positive for methamphetamine on October 20, 2025, October 26, 2025, and November 4, 2025; (4) failing to report to his probation officer as instructed on November 4, 2025; and (5) failing to report for substance abuse testing on November 15, 2025.

2

**Initial appearance**

Norbury appeared before the Court on May 18, 2026.  Norbury was represented by counsel.  Norbury stated that he had read the Petition and that he understood the allegations against him.  Norbury waived his right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on May 18, 2026. Norbury admitted that he had violated the conditions of his supervised release as set forth in the Petition. Norbury's admitted violations, 1-5,  are serious and warrant revocation of his supervised release.

**Sentencing Hearing**

Norbury appeared before the Court on May 18, 2026. Norbury's violations are Grade C.  Norbury's criminal history category is I.  Norbury's underlying offenses, Counts 1-4, are Class A felonies.  Norbury could be incarcerated for up to 60 months.  Norbury could be ordered to remain on supervised release 33 months, less any custody time imposed.  The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.   Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Norbury's supervised release should be revoked. Based upon the agreement of the parties, Norbury should be placed in custody for 9 months, with no term of supervised release to follow.  This sentence is sufficient but not greater than necessary.

### IV.   Conclusion

The Court informed Norbury that the above sentence would be recommended to Chief United States District Judge Brian Morris.  The Court also informed Norbury of his right to object to these Findings and Recommendations within 14 days of their issuance.  The Court explained to Norbury that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Norbury waived his right to appeal and allocute before Judge Morris.

The Court **FINDS**:

> That JAMES VAUGHN NORBURY has violated the conditions of his supervised release by : (1) testing positive for methamphetamine on August 8, 2025 and admitting to daily use between August 2, 2025, and August 5, 2025; (2) testing positive for methamphetamine and marijuana on September 25, 2025, and signing an admission form on September 29, 2025, admitting to daily use between September 24, 2025, and September 27, 2025; (3) testing positive for methamphetamine on October 20, 2025, October 26, 2025, and

4

November 4, 2025; (4) failing to report to his probation officer as instructed on November 4, 2025; and (5) failing to report for substance abuse testing on November 15, 2025.

The Court **RECOMMENDS**:

That the District Court revoke Norbury's supervised release and commit Norbury to custody for 9 months, with no term of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C.  Section 636(b)(1).  A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 19th day of May 2026.


John Johnston
United States Magistrate Judge